# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRYAN VELASQUEZ,

    *Petitioner*,

vs.

JACK PALMER, *et al.*,

    *Respondents*.

3:09-cv-00441-HDM-RAM

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

On the application to proceed *in forma pauperis*, the Court finds that petitioner is unable to pay the $5.00 filing fee, and the application therefore will be granted.

Following initial review, it appears: (a) that the petition may be subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period established in 28 U.S.C. § 2244(d)(1) by the Antiterrorism and Effective Death Penalty Act ("AEDPA"); and (b) that the petition may be subject to dismissal without prejudice for lack of exhaustion because none of the claims were properly exhausted in the state courts. Petitioner therefore will be directed to show cause in writing why the petition should not be dismissed as time-barred and/or for lack of exhaustion.

### *Background*

Petitioner Bryan Velasquez seeks to challenge his Nevada state conviction, pursuant to a guilty plea, of one count of attempted sexual assault on a child under the age of 14 and one count of attempted lewdness with a child under the age of 14.  The materials submitted by petitioner reflect that the affected child was only six years old at the time of the sentencing. Petitioner alleges in the two grounds of the federal petition that his consecutive sentences on the two counts and his special sentence of lifetime supervision violate the Double Jeopardy Clause because he allegedly is being punished more than once for the same offense, on the basis that the two counts arise from one continuous act or event.

Petitioner did not attach copies of the state court written decisions regarding his conviction as required by the Court's Section 2254 petition form.

This Court takes judicial notice of the official online records of the Supreme Court of Nevada, as found at http://www.nevadajudiciary.us, and in particular of the April 15, 2009, unpublished order of affirmance by the state high court on petitioner's appeal under that court's No. 51461.

The state supreme court's order reflects the following procedural history, which is consistent with the partial information provided by petitioner in the federal petition.

Petitioner's judgment of conviction was filed on December 6, 2001.  Petitioner did not file a direct appeal.

On or about February 11, 2008, petitioner filed a *pro se* motion to correct illegal sentence in the state district court.  As described by the state supreme court, petitioner alleged therein that "his conviction was unconstitutional because the two incidents for which he was convicted arose out of the same continuing event, that his sentences are illegal because they were ordered to run consecutively, and that the imposition of lifetime supervision constitutes an unconstitutional or illegal sentence."

The state district court denied the motion, and petitioner appealed.  The Supreme Court of Nevada affirmed on April 15, 2009, on the following grounds:

> A motion to correct an illegal sentence may only challenge the facial legality of the sentence: either the district court was without jurisdiction to impose a sentence or the sentence was imposed in excess of the statutory maximum. Edwards v. State, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). "A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.'" Id. (quoting Allen v. United States, 495 a.2d 1145, 1149 (D.C. 1985)).
>
> Based upon our review of the record, we conclude that appellant's requests fell outside the narrow scope of claims permissible in a motion to correct an illegal sentence. Appellant's sentences were facially legal, and the record does not support an argument that the district court was without jurisdiction in this matter. See 1999 Nev. Stat., ch. 105, § 23, at 431-32, 1999 Nev. Stat. ch. 105, § 49, at 470-72, and NRS 193.330(1)(a)(1). Appellant entered a guilty plea to both counts, and appellant may not challenge the validity of the guilty plea in a motion to correct an illegal sentence. Further, the district was required to impose the sentence of lifetime supervision. See Nev. Stat., ch. 560, § 11, at 2789-90. Therefore, the district court did not err in denying this motion.

April 15, 2009, Order of Affirmance, at 2.

It does not appear that petitioner has filed any other state proceedings challenging his conviction or sentence other than the above motion to correct illegal sentence.

Petitioner mailed the present federal petition to the Clerk of Court for filing on or about August 6, 2009.

### *Time Bar*

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period established in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." In the present case, the limitation period, unless otherwise tolled, therefore would begin running in this case after the thirty day time period expired for filing a direct appeal, *i.e.*, on Monday, January 7, 2002.

1   Accordingly, unless otherwise tolled, the time period for filing a federal petition in this
2   case expired on January 7, 2003, six years and eight months before petitioner's filing.
3   Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled
4   during the pendency of a properly filed application for state post-conviction relief or other
5   collateral review. Petitioner's state court motion to correct illegal sentence, however, was not
6   filed until on or about February 11, 2008, over five years and one month after the federal
7   limitation period already had expired, absent other tolling.
8   The federal petition therefore is untimely unless the limitation period otherwise is tolled
9   or unless a different accrual date applies. Petitioner accordingly must show cause in writing
10  why the petition should not be dismissed with prejudice as time-barred.
11  In this regard, petitioner is informed that the one-year limitation period may be equitably
12  tolled. Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been
13  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'
14  and prevented timely filing." *Lawrence v. Florida*, 549 U.S.327, 336, 127 S.Ct. 1079, 1085,
15  166 L.Ed.2d 924 (2007)(*quoting Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807,
16  1814, 161 L.Ed.2d 669 (2005)). Equitable tolling is "unavailable in most cases," *Miles v.*
17  *Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable
18  tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063,
19  1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)).
20  The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d
21  at 1065. He accordingly must demonstrate a causal relationship between the extraordinary
22  circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th
23  Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).
24  Petitioner further is informed that, under certain circumstances, the one-year limitation
25  period may begin running on a later date. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D).

26  ***Exhaustion***

27  Under 28 U.S.C. § 2254(b)(1)(A), as to each claim in the petition, a habeas petitioner
28  first must exhaust his state court remedies before presenting the claim to the federal courts.

To satisfy this exhaustion requirement, all claims must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). The exhaustion requirement accordingly insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

It is established law that presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim. *See,e.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). In the present case, it does not appear that the claims presented in the state court motion to correct illegal sentence were fairly presented to the state courts, even if, *arguendo*, the state court claims were the same as the claims that are raised in the federal petition. The Supreme Court of Nevada rejected the claims because they exceeded the narrow scope of a motion to correct an illegal sentence. Such a motion may be used to challenge only the facial legality of the sentence on the basis either that the district court was without jurisdiction to impose the sentence or that the sentence was imposed in excess of the statutory maximum. The state high court affirmed the denial of the motion on the basis that petitioner had not established either basis for a motion to correct an illegal sentence. The court further observed that petitioner could not use a motion to correct an illegal sentence to challenge the validity of his guilty plea.

Given that the motion to correct illegal sentence did not fairly present any claim to the state courts in a proper procedural vehicle for disposition on the merits, and further given that it does not appear that petitioner has pursued any other state court remedies, it does not appear that petitioner has exhausted the claims in the federal petition, even if *arguendo*, the federal court claims are identical to those presented in the state court motion.

Petitioner therefore must show cause in writing why the present petition should not be dismissed without prejudice because none of the claims in the petition are exhausted.

IT THEREFORE IS ORDERED that the petitioner's application (#1) to proceed *in forma pauperis* is GRANTED, such that petitioner will not be required to pay the $5.00 filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition but shall withhold service at this time.[1]

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing: (a) why the petition should not be dismissed with prejudice as time-barred; and (b) why the petition should not be dismissed without prejudice for lack of complete exhaustion. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred. If petitioner responds to the order but fails to demonstrate that the petition is timely and exhausted, the petition will be dismissed either with prejudice as time-barred or without prejudice as unexhausted.

IT FURTHER IS ORDERED that all assertions of fact made by petitioner must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge or that are not supported by competent evidence filed by petitioner in the record in this Court.

IT FURTHER IS ORDERED that petitioner shall file, with his show cause response, a copy of his filings in the state courts upon which he bases his contention that he exhausted

---

[1] The filing of the petition does not signify that either the petition or the claims therein otherwise are free of deficiencies.

1 his claims in the state courts together with copies of all written state court decisions and
2 remittiturs issued with regard to his conviction or sentence.
3      IT FURTHER IS ORDERED that the Clerk of Court shall file a copy of the Nevada
4 Supreme Court's April 15, 2009, order of affirmance that is discussed herein into the record
5 as a court exhibit.[2]
6      IT FURTHER IS ORDERED, as per prior agreement, that the Clerk of Court shall add
7 Attorney General Catherine Cortez Masto (listed under Cortez) as counsel for respondents
8 and shall make informal electronic service of this order upon respondents by directing a notice
9 of electronic filing to her. **No further appearance or response shall be required from**
10 **respondents until further order of the Court.**
11      The Clerk additionally shall send a copy of both the petition, the exhibit attached
12 thereto, and the above-referenced Nevada Supreme Court order to petitioner along with this
13 order.
14      Petitioner's failure to comply fully and timely with any provision of this order will result
15 in the dismissal of this action without further advance notice.
16      DATED: August 14, 2009.

_____
HOWARD D. MCKIBBEN
United States District Judge

---

[2] The docket clerk can contact the *pro se* staff attorney assigned to this case for specific information as to how to retrieve a copy of the order from the state supreme court's website.