# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRYAN VELASQUEZ,

    *Petitioner*,

vs.

JACK PALMER, *et al.*,

    *Respondents.*

3:09-cv-00441-HDM-RAM

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into, *inter alia,* whether the petition is time-barred because it was not filed within the one-year limitation period established in 28 U.S.C. § 2244(d)(1). This order follows upon the Court's earlier show cause order (#3) and petitioner's response (#6) thereto.

## *Background*

Petitioner Bryan Velasquez challenges the sentences imposed under his Nevada state conviction, pursuant to a guilty plea, of one count of attempted sexual assault on a child under the age of 14 and one count of attempted lewdness with a child under the age of 14. The materials submitted reflect that the affected child was only six years old at the time of the sentencing. Petitioner alleges in the two grounds of the federal petition that his consecutive sentences on the two counts and his special sentence of lifetime supervision violate the Double Jeopardy Clause because he allegedly is being punished more than once for the same offense, on the basis that the two counts arise from one continuous act or event.

The background procedural history is set forth in the Nevada Supreme Court's April 15, 2009, order (filed at #5), and is undisputed.

Petitioner's judgment of conviction was filed on December 6, 2001. Petitioner did not file a direct appeal.

On or about February 11, 2008, petitioner filed a *pro se* motion to correct illegal sentence in the state district court. As described by the state supreme court, petitioner alleged therein that "his conviction was unconstitutional because the two incidents for which he was convicted arose out of the same continuing event, that his sentences are illegal because they were ordered to run consecutively, and that the imposition of lifetime supervision constitutes an unconstitutional or illegal sentence."

The state district court denied the motion, and petitioner appealed. The Supreme Court of Nevada affirmed on April 15, 2009, on the following grounds:

> A motion to correct an illegal sentence may only challenge the facial legality of the sentence: either the district court was without jurisdiction to impose a sentence or the sentence was imposed in excess of the statutory maximum. Edwards v. State, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). "A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.'" Id. (quoting Allen v. United States, 495 a.2d 1145, 1149 (D.C. 1985)).
>
> Based upon our review of the record, we conclude that appellant's requests fell outside the narrow scope of claims permissible in a motion to correct an illegal sentence. Appellant's sentences were facially legal, and the record does not support an argument that the district court was without jurisdiction in this matter. See 1999 Nev. Stat., ch. 105, § 23, at 431-32, 1999 Nev. Stat. ch. 105, § 49, at 470-72, and NRS 193.330(1)(a)(1). Appellant entered a guilty plea to both counts, and appellant may not challenge the validity of the guilty plea in a motion to correct an illegal sentence. Further, the district was required to impose the sentence of lifetime supervision. See Nev. Stat., ch. 560, § 11, at 2789-90. Therefore, the district court did not err in denying this motion.

April 15, 2009, Order of Affirmance, at 2.

Petitioner has not filed any other state proceedings challenging his conviction or sentence other than the above motion to correct illegal sentence.

Petitioner mailed the present federal petition to the Clerk of Court for filing on or about August 6, 2009.

### *Governing Law*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in the context presented here, a federal habeas petition must be filed within one year after "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation issue may be raised by the district court *sua sponte*. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).

### *Discussion*

The application of the AEDPA to this case is simple and straightforward. Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." In the present case, the limitation period, unless otherwise tolled, therefore began running in this case after the thirty day time period expired for filing a direct appeal, *i.e.*, on Monday, January 7, 2002.

Accordingly, unless otherwise tolled, the time period for filing a federal petition in this case expired on January 7, 2003, six years and eight months before petitioner's filing.

Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review. Petitioner's state court motion to correct illegal sentence, however, was not filed until on or about February 11, 2008, over five years and one month after the federal limitation period already had expired, absent other tolling.

Petitioner does not present any other basis for statutory or equitable tolling. He instead urges that the time for "direct review" for purposes of Section 2244(d)(1)(A) does not expire

in Nevada by the expiration of the time for taking a direct appeal because state law provides for other avenues for direct review which had not expired. He contends, in particular, that the remedy available under N.R.S. 176.555 of a motion to correct illegal sentence constitutes such "direct review," and that the time for pursuing this remedy did not expire in his case until the state supreme court's order of affirmance of the denial of his state court motion to correct illegal sentence.

The Court is not persuaded. The question of whether a state procedure constitutes part of "direct review" for purposes of Section 2244(d)(1)(A) or instead an "application for State post-conviction or other collateral review" for purposes of Section 2244(d)(2) is a question of federal law. *E.g., Summers v. Schriro*, 481 F.3d 710, 714 (9th Cir. 2007). In resolving this federal law question under the AEDPA, courts must look to how a state procedure functions in the state's criminal justice system rather than the particular name that it bears. *Id.* How the State characterizes the proceeding is relevant but not controlling. *Id.*

Petitioner urges that a Nevada motion to correct illegal sentence constitutes a part of "direct review" for purposes of Section 2244(d)(1)(A) because Nevada state decisions distinguish the Nevada state procedural rules applicable to a motion to correct illegal sentence from those applicable instead to a state post-conviction petition. For example, a motion to correct illegal sentence is not subject to the limitation period applicable to a state post-conviction petition, and the motion may be brought at any time.[1] Petitioner maintains that because Nevada courts do not treat a motion to correct illegal sentence as a post-conviction petition under state practice -- and instead refer to the motion as a form of "direct attack" on the conviction under state practice -- the motion therefore must constitute a part of "direct review" for purposes of Section 2244(d)(1)(A).

How Nevada characterizes the motion under state practice, again, is not controlling, however. *Summers, supra*. More telling is that a motion to correct illegal sentence does not serve under Nevada criminal procedure as a substitute remedy for a direct appeal that

---

[1] *E.g., Passanisi v. State*, 831 P.2d 1371, 1372-73 (Nev. 1992).

-4-

1  otherwise would not be available to the defendant. Petitioner did have a right to a direct
2  appeal – in which he could have raised the Double Jeopardy claim in question – but he simply
3  did not exercise that right. Petitioner cites no apposite state court authority characterizing a
4  motion to correct illegal sentence as the functional equivalent of an appeal (as opposed
5  merely to not being a state post-conviction petition under the particular Nevada statute
6  governing that remedy).[2] A prisoner filing a motion to correct illegal sentence is not entitled
7  to appointed counsel under Nevada practice as a matter of right as he would on a direct
8  appeal or other functional direct review equivalent. Moreover, the ability to bring a motion to
9  correct an illegal sentence under Nevada practice is not governed by the short, definite
10 deadlines that typify direct review. There instead is no time limit whatsoever. Construing a
11 Nevada motion to correct illegal sentence as a form of "direct review" thus would eviscerate
12 and essentially jurisprudentially repeal the federal one-year time-bar in Nevada because the
13 limitation period would not even begin to run unless and until the petitioner decided to file
14 such a motion – possibly, as in this case, many years after the conviction – and a decision
15 was rendered. Such a result clearly is not consistent with the Congressional decision in the
16 AEDPA to adopt a uniform one-year limitation period for federal habeas petitions.

17 The Court accordingly concludes that petitioner's motion to correct illegal sentence did
18 not constitute part of "direct review" for purposes of Section 2244(d)(1)(A).[3] As petitioner
19 presents no other argument and given that the federal petition clearly was untimely, by
20 several years, the petition will be dismissed with prejudice. The Court therefore does not
21 reach any other issues in the case.

---

[2] The statement in the *Passanisi* decision cited in note 1 that a motion to modify sentence is a "functional equivalent of a motion for a new trial" and a "direct attack on the decision itself" is not the same as a statement that the motion to correct illegal sentence is the functional equivalent of a *direct appeal*. The fact that a defendant potentially may be able under state practice to bring post-judgment motions challenging a judgment of conviction years after entry of the judgment does not signify that such post-judgment motions constitute part of "direct review" for purposes of Section 2244(d)(1)(A).

[3] *See also Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001)(treating a Nevada motion to correct illegal sentence as an application for State post-conviction or other collateral review under Section 2244(d)(2) in a case where the petitioner did not argue instead for the application of Section 2244(d)(1)(A)).

1    IT THEREFORE IS ORDERED that the petition shall be DISMISSED with prejudice as untimely.

2    The Clerk of Court shall enter final judgment accordingly against petitioner and in favor of respondents, dismissing the petition with prejudice as untimely.

DATED: September 22, 2009.

_____
HOWARD D. MCKIBBEN
United States District Judge